### No. 515
### NICEWANDER v. SCHERER et al
Ohio Appeals, Sixth District, Lucas County
No. 1326. Decided June 18, 1923

This opinion has not been published except in Abstract.

**SALES—(1) Setting aside of goods not necessary where buyer is to furnish receptacle—CHARGE OF COURT—(2) No error for court to comment on perjury—PLEADINGS—(3) Defendant not surprised by amended petition—(4) Verdict not manifestly against weight of evidence.**

KINKADE, J.

#### Epitomized Opinion

Scherer and others brought an action against the defendant in the Common Pleas Court of Lucas county to recover an amount claimed to be due for cider sold and delivered, and also for damages by reason of the refusal of the plaintiff to take 80 barrels of the same at the agreed contract price. The evidence disclosed that some cider was delivered

but that most of the cider was not delivered. The contract provided that the purchaser was to furnish the barrels after the cider was manufactured. The case was tried before Judge Ritchie of the Common Pleas Court of Toledo, Ohio, and resulted in a verdict in favor of plaintiffs. The defendants prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That no prejudicial error was contained in the court's refusal to charge the jury on the subject of setting aside by the seller for the purchaser of particular goods claimed to have been sold, as under the terms of the contract the barrels in which the cider was to be delivered were to be furnished by the purchaser, which was never done.

2. Although the court in its general charge indicates that there was perjury testimony in the case, no prejudicial error is committed where the court does not indicate that the perjury was on one side or the other.

3. As no new issues were raised by the amended petition and the defendant was not taken by surprise, no prejudicial error was committed in treating the general denial of the defendants as applicable to the opinion.

4. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

Attorneys—Fell & Schaal, for Nicewander; W. H. Wagers, for Scherer et al.